UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT FLORES, *et al.*, § § | |
| *Plaintiffs*, § § | |
| v. § | CIVIL ACTION H-10-05143 |
| § | |
| PHOENIX GROUP METALS, LLC, *et al.*, § § | |
| *Defendants*. § | |

## ORDER

Pending before the court is the Magistrate Judge's Memorandum, Recommendation, & Order (the "Memorandum and Recommendation") (Dkt. 63) recommending that this court grant the motion for summary judgment filed by defendants Phoenix Group Metals, LLC; CMS/Morrell Holdings, LLC; PGM 1, LLC d/b/a Phoenix Automotive Cores; and Jay Robie (collectively, the "defendants"). Dkt. 50. The Magistrate Judge also granted the defendants' motion to strike the affidavit of Sue Benton, which was filed as an exhibit to the response to defendants' motion for summary judgment by plaintiffs Robert Flores, Robert Flores d/b/a TXCAT ("TXCAT"), and TXCAT Converter Recycling, Inc. ("TCRI") (collectively, the "plaintiffs"). Dkt. 63 at 12–21. Plaintiffs object to the Memorandum and Recommendation on four grounds: (1) The Magistrate Judge erred in her interpretation of the sham affidavit doctrine and erroneously struck Benton's affidavit; (2) The plaintiffs provided evidence regarding TCRI's status as a successor-in-interest to TXCAT; (3) The plaintiffs provided evidence regarding realized or liquidated pecuniary losses to show special damages; and (4) the plaintiffs' evidence on damages related to the smelter should have been given more weight in the context of the automotive recycling business.

Having reviewed the Memorandum and Recommendation, the relevant documents within the record, the plaintiffs' objections, the defendants' response, and the applicable law, the court **OVERRULES** plaintiffs' objections and **ADOPTS** the Magistrate Judge's Memorandum and Recommendation.  The defendants' motion for summary judgment (Dkt. 50) is **GRANTED**, and plaintiffs' claims are **DISMISSED WITH PREJUDICE**.  Further, the defendants' pending motion to exclude Trippon's expert testimony (Dkt. 51) is **DENIED AS MOOT**.  The court explains its reasoning for overruling the plaintiffs' objections in turn below.

I. **The Sham Affidavit Doctrine & Sue Benton's Affidavit**

Plaintiffs object to the striking of Benton's affidavit on two grounds: (a) the Magistrate Judge erred as a matter of law in her overly-broad interpretation of the sham affidavit doctrine under federal law; and (b) the Magistrate Judge erred in her finding that Benton failed to provide a sufficiently persuasive justification for her change in sworn testimony.  Dkt. 64 at 2–3.

Although the sham affidavit doctrine has historically been applied to party witnesses, the Magistrate Judge stated that "the rule, as enunciated by the Fifth Circuit, lends itself to the interpretation that it applies to *any* affidavit introduced by the nonmoving party that contradicts the affiant's prior testimony."  Dkt. 63 at 13 n.56 (emphasis added) (citing *Dees v. Am. Med. Response, Inc.*, Civil Action No. 3:08cv265-HTW-LRA, 2010 WL 606454, at *3 (S.D. Miss. Feb. 17, 2010)).  Plaintiffs disagree, contending that the doctrine should be limited in its application to party witnesses and witnesses under the control of a party, such as testifying experts.  Dkt. 64 at 4.  The defendants respond that plaintiffs fail to cite any cases restricting the doctrine to this class of witnesses alone and that the rationale for the doctrine should be extended to affidavits of third-parties submitted by the nonmovant on summary judgment.  Dkt. 65 at 4.  The court agrees with the defendants.

2

The parties cite numerous cases from other circuits discussing the rule and its application to non-party, expert witnesses. *See* Dkt. 64 at 4; Dkt. 65 at 4–5. These cases uphold the doctrine's application in those circumstances because "the purpose of summary judgment motions—to weed out unfounded claims, specious denials, and sham defenses—is served by a rule that prevents a party from creating issues of credibility by allowing one of its witnesses to contradict his own prior testimony." *Adelman-Tremblay v. Jewel Cos.*, 859 F.2d 517, 521 (7th Cir. 1988). And while those cases dealt with party and expert witnesses, this court agrees with the Magistrate Judge that the logic of the rule extends to non-party fact witness affidavits, to prevent the filing of affidavits that conflict with prior testimony, without justification, to create a fact dispute. *Id.* Otherwise, parties would have a perverse incentive to file fact witness affidavits that directly conflict with that witness's prior testimony, with full knowledge that the rule otherwise prevents parties from doing so as to their own affidavits or those of their testifying experts. The court cannot sanction such a loophole that would swallow the logical force of the sham affidavit doctrine.

Moreover, the Eleventh Circuit has extended the sham affidavit doctrine to nonparty fact witnesses. *See Santhuff v. Seitz*, 385 F. App'x 939, 945 (11th Cir. 2010). The *Seitz* court stated:

> We recognize that [this fact witness] was not a party to this lawsuit, and we have never squarely addressed whether, and in what circumstances, a district court may disregard the affidavit of a non-party that is inherently inconsistent with deposition testimony given by the non-party previously in the same case. . . . We see no reason, however, to refuse to apply the sham rule under the particular facts of this case. A sham is a sham. . . . The conflict between [the witness's] first two affidavits and his deposition testimony was so direct and his explanation for the conflict was so implausible that it would defy logic not to apply the sham rule here.

> *Id.* (internal quotation marks and citations omitted).

The court agrees with the *Seitz* court's analysis and overrules plaintiffs' objection to the contrary.

Second, as to the plaintiffs' objection to the Magistrate Judge's finding that Benton's explanation for the inconsistencies is not persuasive, the court finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law. The Magistrate Judge carefully reviewed Benton's affidavit and deposition testimony before striking the affidavit for failing to provide persuasive justification for the radical departures in her testimony. *See* Dkt. 63 at 13–21. The plaintiffs' objection to the Magistrate Judge's striking Benton's affidavit is **OVERRULED**.

## II.    TCRI's Status as a Successor-in-Interest to TXCAT

Plaintiffs object to the Magistrate Judge's recommendation that plaintiffs have failed to show any evidence creating a genuine dispute of material fact that TCRI is the successor-in-interest to TXCAT. Dkt. 64 at 8–9. Defendants met their summary-judgment burden by pointing to an absence of evidence in the record regarding standing, and the burden then shifted to plaintiffs to point to competent, admissible evidence on the issue. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130 (1992). Plaintiffs merely offered statements in briefing on the successor-in-interest issue, and this offering does not meet plaintiffs' burden on summary judgment. Plaintiffs' second objection regarding TCRI's successor-in-interest status is therefore **OVERRULED**.

## III.   Lack of Evidence for Special Damages

Plaintiffs next object to the Magistrate Judge's finding that plaintiffs' admissible evidence falls short of raising a genuine dispute of material fact as to the issue of special damages and a realized or liquidated pecuniary loss. The gravamen of plaintiffs' objection is the Magistrate Judge's decision to strike Benton's affidavit. Dkt. 64 at 9–10. However, because the court has already overruled plaintiffs' objection to the Magistrate's order to strike and the court agrees with the

Magistrate Judge's recommendation that the remaining evidence is insufficient to create a genuine dispute of material fact, the plaintiffs' objection is **OVERRULED**.

### IV. Lack of Concrete Evidence Regarding Smelter Plans

Lastly, plaintiffs object that the Magistrate Judge's erred in recommending that certain claims should not proceed because plaintiffs failed to show special damages in the absence of concrete contract terms on the potential smelter construction. Dkt. 64 at 10–11. However, as the smelter was not subject to an ongoing relationship from which contract terms could be ascertained through a course of dealing, evidence of the parties' separate business dealings is insufficient to create a fact dispute on the issue of special damages. Plaintiffs' objection is therefore **OVERRULED**.

### V. Conclusion

The plaintiffs' four objections to the Magistrate Judge's Memorandum and Recommendation are hereby **OVERRULED**. The Magistrate Judge's Memorandum and Recommendation (Dkt. 63) is **ADOPTED**. The defendants' motion for summary judgment (Dkt. 50) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Further, the defendants' motion to exclude Trippon's testimony (Dkt. 51) is **DENIED AS MOOT**. The court will enter a separate final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on March 28, 2013.

_____
Gray H. Miller
United States District Judge